UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS MCCOY | CIVIL ACTION NO. 07-2147 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DETENTION CENTER CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 6) filed by defendant, the Claiborne Parish Police Jury ("Police Jury"). The Police Jury moves for summary judgment on the grounds that it is not a proper defendant in this matter. To date, plaintiff, Louis McCoy ("McCoy"), has not opposed the Motion for Summary Judgment. For the reasons which follow, the Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

McCoy filed his complaint on December 11, 2007, alleging employment discrimination in shift demotion and termination from his job as a Captain at the Claiborne Parish Detention Center ("CPDC"). See Record Document 1 at I(1). The complaint named numerous defendants, including the Police Jury. McCoy further alleged that all of the defendants, jointly and/or severally, violated Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the Fourteenth Amendment to the United States Constitution, and La. R.S. 9:51. See id. at II(15-16).

The Police Jury answered the complaint on December 28, 2007 and set forth multiple defenses, including that it is not a proper party in this proceeding because it never employed McCoy and it did own or operate the CPDC. See Record Document 3. The

Police Jury filed the instant Motion for Summary Judgment on January 29, 2008, again arguing that it is not the proper defendant in this matter. See Record Document 6.

The Police Jury served on McCoy a copy of its Motion for Summary Judgment on January 29, 2008. Local Rule 7.5W requires a respondent opposing a motion to file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion. McCoy timely sought an extension of time to file his opposition and the Court granted such extension, ordering McCoy to file his opposition by March 20, 2008. See Record Documents 8 & 13. To date, McCoy has not opposed the Motion for Summary Judgment.

## LAW AND ANALYSIS

**I.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue

for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999). Further, Rule 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party*.

Fed. R. Civ. P. 56(e)(emphasis added). As discussed below, the Court finds it appropriate to enter summary judgment against McCoy.

## II. No Genuine Issue of Material Fact Exists Regarding Whether the Police Jury is the Proper Defendant in this Matter.

In its Statement of Uncontested Material Facts, the Police Jury stated that it never employed McCoy in any capacity; it never employed any other person at the CPDC; it never owned the building known as the CPDC; it never had custody of or operated the CPDC; and it never maintained, repaired, or insured the CPDC. See Record Document 6-2. Such statements are based on the affidavit of Dwayne R. Woodard, Secretary/Treasurer of the Police Jury. See Record Document 6-4. Local Rule 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Pursuant to this rule, this Court will accept the facts presented in the Police Jury's

Statement of Uncontested Material Facts as true. <u>See</u> Record Document 6-2.

McCoy has alleged employment discrimination, yet there is no employment relationship between McCoy and the Police Jury. Further, there is no evidence that the Police Jury provided for or owned the CPDC. The Police Jury never employed any person working at the CPDC and it did not have custody, operate, maintain, or insure the CPDC. The record evidence clearly establishes that the Police Jury is not a proper defendant in this matter. "Summary judgment is . . . appropriate when the plaintiff has named the wrong party as the defendant." <u>Nelson v. Int'l Paint Co., Inc.</u>, 734 F.2d 1084, 1094 (5th Cir. 1984). Accordingly, the Court grants summary judgment in favor of the Police Jury.

## CONCLUSION

The Court finds that there is no genuine issue of material fact regarding whether the Police Jury is the proper defendant in this matter. The undisputed record evidence establishes that there is no employment relationship between McCoy and the Police Jury and that the Police Jury did not provide for or own the CPDC in any way.

Accordingly, the Motion for Summary Judgment (Record Document 6) filed by the Claiborne Parish Police Jury is granted and all of the plaintiff's claims against the Claiborne Parish Police Jury are dismissed with prejudice. An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE