# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS MCCOY | CIVIL ACTION NO. 07-2147 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DETENTION CENTER CLAIBORNE PARISH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss (Record Document 35) filed by Defendants Claiborne Parish Detention Center, Lasalle Management Company, LLC, Leroy Holliday, Assistant Warden John Goodwin, Warden Cora Sue Holliday, Claiborne Parish Detention Center, and Claiborne Parish Detention Center Commissioners ("Defendants"), to which Plaintiff Louis McCoy filed opposition (Record Document 44). For the reasons detailed below, **IT IS ORDERED THAT** Defendants' Motion to Dismiss be and is hereby **DENIED**.

### I. MOTION TO DISMISS STANDARD

In evaluating a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). However, the court "will not strain to find inferences favorable to the plaintiff." Southland Sec. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353, 361 (5th Cir. 2004).

In order to survive Defendants' challenge to his petition, Plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d at 205 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). Those "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the petition are true (even if doubtful in fact)." Id. In addition, the facts as plead must be "specific," and "not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

## II. LAW AND ANALYSIS

Defendants claim that dismissal of Plaintiff's Complaint is appropriate because Plaintiff purportedly: (1) failed to timely file his Complaint within 90 days after receiving a Notice of Right to Sue from the EEOC; and (2) failed to serve Defendants with a copy of the Complaint within 120 days after it was filed. See Record Document 35.

Employment discrimination plaintiffs must exhaust administrative remedies before they may pursue claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust his or her administrative remedies, a plaintiff must first file a timely charge with the EEOC, and receive a notice of right to sue. Id. Title VII of the Civil Rights Act provides that claimants have 90 days to file a civil action after *receiving* a right-to-sue notice from the EEOC. See id.; 42 U.S.C. § 2000E-5(f)(1) (emphasis added).

Here, Plaintiff's Complaint alleges that the right-to-sue notice he received

from the EEOC was "dated September 13, 2009." See Record Document 1, ¶ 17. However, attached to the briefs of both parties and to the Complaint are copies of a right-to-sue notice that the EEOC allegedly sent to Plaintiff in connection with this dispute, which is dated September 6. See Record Documents 1, 35, 44-2. Attached to Plaintiff's's response to Defendant's motion is a printout from the United States Postal Service's online "Track and Confirm" service, which his attorney appears to have received via fax from the Department of Justice's Civil Rights Division on or about November 14, 2008,[1] as well as a copy of the right-to-sue letter. See Record Document 44-2. Over the bottom right corner of the right-to-sue letter is superimposed a photocopied portion of what appears to be a United States Post Office Certified Mail receipt. See id. Both this receipt and the "Track and Confirm" printout are marked with the following number: "7003 0500 0002 5057 9678." Id. The "Track and Confirm" "Search Results" printout that Plaintiff presents recites "Your item was delivered at 9:20 am on September 13, 2007 in FARMERVILLE, LA 71241 . . . ." Although Plaintiff's opposition is not unambiguous on this point (indeed, the first paragraph of Plaintiff's opposition states that Plaintiff "received a right to sue letter from the EEOC on September 6, 2008," despite the fact that the

---

[1] Two of the pages filed as Record Document 44-2 bear the following legend at the top of the page: "NOV-14-2008     DOJ-CRD." The legend is followed by an illegible phone number with a "202" area code. The "Track and Confirm" printout bears the label "P.02," while the right-to-sue notice is labeled "P.03." This printout, like many of Plaintiff's filings, is not clear regarding the specifics of Plaintiff's/Plaintiff's counsel's correspondence with the EEOC.

Complaint erroneously asserts that the letter was "dated September 13, 2007") this Court interprets Plaintiff's submissions as an attempt to demonstrate that the right-to-sue letter was received on September 13, 2008, and preliminarily accepts them as such for the limited purpose of resolving the instant motion to dismiss. This Court concludes, based on Plaintiff's submissions, that the right-to-sue notice was received by Plaintiff's counsel on September 13, 2007. Eighty-nine days later (and within the 90-day window provided by Title 42, Section 2000e-5(f)(1)), on December 11, 2007, Plaintiff's Complaint was filed in this Court. See Record Document 1. Accordingly, dismissal is not warranted on the ground that Plaintiff failed to timely file this suit after receiving a right-to-sue notice.

Nor does Defendants' second argument, that Plaintiff failed to serve Defendants within the 120-day period provided for service pursuant to Federal Rule of Civil Procedure 4(m), warrant dismissal. Indeed, the argument is plainly frivolous, as this Court's Order of May 5, 2008 granted Plaintiff until May 12, 2008 to perfect service and file proof of the same. Defendant presents the Court with an affidavit of service evidencing that it received service on May 9, 2008, and the proof was also filed in the record. See Record Documents 35, Exh. 1; 23; 27.

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED THAT** Defendants' Motion to Dismiss (Record Document 35) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 28th day of

April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE